**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-60014

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DONALD SANDERS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Mississippi
(CRE-91-68-B-D)
_____

September 9, 1996

Before WISDOM, SMITH, and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Donald Sanders appeals, *pro se* and *in forma pauperis*, the denial of his motion for postconviction relief pursuant to 28 U.S.C. § 2255 (1994).  We affirm.


I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanders and the government reached a plea agreement during the second day of his trial for numerous drug offenses. Sanders agreed to plead guilty to two counts of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a) and (b)(1)(B) (1994); one count of committing that offense within 1,000 feet of a playground, in violation of § 860(a); and one count of carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (1994). In exchange, the government agreed to dismiss the remaining nine counts of Sanders's indictmentSSwhich charged him with possession of crack cocaine with intent to distribute, in violation of § 841(a) and (b)(1)(C); conspiracy to commit that offense, in violation of 21 U.S.C. § 846 (1994); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (1994) and 18 U.S.C. § 924 (1994); assault on grand jury witnesses, in violation of 18 U.S.C. § 1513(a)(1) (1994); and threats against other grand jury witnesses, in violation of § 1513(a)(1)SSand to recommend concurrent sentences except as to the § 924(c) charge for using and carrying a firearm.

The district court held a plea hearing and accepted Sanders's plea of guilty after satisfying itself that Sanders made the plea knowingly and voluntarily. Shortly thereafter, Sanders asked to withdraw his plea. At his sentencing hearing, he explained that he had pleaded guilty only because his attorney was ineffective and had made misrepresentations to him. The district court elicited

2

testimony from both Sanders and his attorney and denied the motion.

On direct appeal, Sanders's attorney requested to withdraw and filed an *Anders* brief asserting that there were no nonfrivolous issues for appeal. We agreed and dismissed the appeal.

Sanders filed a § 2255 motion contending that he pleaded guilty involuntarily and received ineffective assistance of trial and appellate counsel. The district court denied the motion. Sanders appealed, re-arguing the claims presented below and raising a new oneSSthat his plea to the § 924(c) charge of using and carrying a firearm lacked a sufficient factual basis.

## II.

Sanders argues that his guilty plea was involuntary because (1) his plea agreement was altered to his detriment after he signed it, and (2) the government's agreement to recommend that his sentences run concurrently was misleading. Sanders's contention that his plea agreement was "altered and restructured" is meritless. He testified under oath at his plea hearing that (1) the prosecutor had described the plea agreement accurately; (2) he understood the minimum and maximum sentences applicable to each count; (3) no one had made any prediction or promise as to the length of sentence he would receive; and (4) he felt that his counsel competently represented his best interests. As Sanders has presented no contradictory evidence, other than his own changed

3

testimony, the district court did not err in crediting Sanders's earlier statements.[1]

Sanders contends that the government's agreement to recommend concurrent sentences, except as to the § 924(c) offense, was misleading because the sentencing guidelines deprive district courts of discretion to determine whether sentences run consecutively or concurrently. Sanders did not present this argument in his § 2255 motion before the district court. Accordingly, he has waived his right to raise it on appeal. *See, e.g., United States v. Faubion*, 19 F.3d 226, 232 n.31 (5th Cir. 1994).

Even if this argument were properly before us, we would reject it. While U.S.S.G. § 5G1.2 (1992) restricts the district courts' discretion regarding whether sentences should run concurrently or consecutively, it does not eliminate that discretion. A court still may impose consecutive sentences if (1) the maximum sentence for any single count is less than the statutory or guidelines maximum, *United States v. Kings*, 981 F.2d 790, 798 (5th Cir.), *cert. denied*, 508 U.S. 953 (1993); or (2) the court exercises its discretion to depart from the guidelines, *United States v. Martinez*, 950 F.2d 222, 226 (5th Cir. 1991), *cert. denied*, 504 U.S. 926 (1992). Thus, Sanders's argument rests upon a misperception of

---

[1] *See United States v. Bachynsky*, 949 F.2d 722, 728 (5th Cir. 1991), *cert. denied*, 506 U.S. 850 (1992) (holding that defendant who renounces his own testimony in an attempt to withdraw his plea bears a "heavy burden"); *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989) (same).

law.[2]

A guilty plea is knowing and voluntary only if the defendant understands the consequences of his plea. *United States v. Young*, 981 F.2d 180, 184 (5th Cir. 1992), *cert. denied*, 508 U.S. 955, *and cert. denied*, 508 U.S. 980 (1993). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592-93 n.2 (5th Cir.), *cert. denied*, 116 S. Ct. 1696 (1996) (quoting *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)). At the plea hearing, the district court informed Sanders of the maximum penalties for each count, and Sanders stated that no one had made any further prediction or promise as to the length of sentence he would receive. Thus, Sanders's plea was voluntary. *See Young*, 981 F.2d at 184.

## III.

Sanders contends that his plea to the § 924(c) count was involuntary because it lacked a factual basis in light of the subsequent decision in *Bailey v. United States*, 116 S. Ct. 501 (1995). As Sanders did not present this fact-based claim to the district court, we may not address it.

---

[2] The government observes that the district court told Sanders that "the Court can stack all of these sentences one after the other." That statement is potentially misleading, for it overstates the extent of the district court's discretion. Sanders does not contend that the court's admonitions misled him, however; instead, he complains only of the government's representations.

IV.

Sanders contends that his counsel was ineffective on several different fronts.

> To prevail on an ineffective assistance of counsel claim, [defendant] must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. In the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 957 (1996) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)) (citation omitted).

A.

Sanders contends that his attorney conducted an inadequate pretrial investigation and failed to pursue various defenses. To demonstrate prejudice from such alleged lapses, Sanders must show either (1) that discovery of certain evidence would have changed his counsel's prediction regarding the outcome of trial or (2) that a specific defense "likely would have been successful at trial." *Id.*

Sanders must identify specific evidence that counsel could have discovered through an adequate investigation. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). His only specific allegations of inadequate investigation relate to his attorney's

6

failure to contest the admissibility of evidence seized from the vacant home.

Sanders's attorney filed a motion to suppress that evidence but did not pursue it, because he concluded that Sanders lacked standing to contest the search. As Sanders has not even attempted to demonstrate that he possessed a reasonable expectation of privacy in the vacant home, he has not shown that his attorney's failure to investigate the search constituted deficient performance. *Cf. United States v. Mendoza-Burciaga*, 981 F.2d 192, 196 (5th Cir. 1992), *cert. denied*, 510 U.S. 936 (1993) (holding that defendant lacked standing to contest search of house because he neither owned nor occupied it).

Sanders's allegations that his attorney failed to pursue other defenses are conclusionary. As he has not even attempted to demonstrate that those defenses likely would have been successful, he has not shown that he is entitled to relief on this ground.

Sanders argues that his attorney's failure to retain an expert to check for fingerprints on the seized items and to confirm the quantity and quality of drugs seized amounted to ineffective assistance. Assuming, *arguendo,* that counsel's performance was deficient,[3] Sanders has failed to show that he suffered prejudice: He has presented no evidence that the government expert's reports

---

[3] *But see Samuels*, 59 F.3d at 529 (finding that attorney acted reasonably in deferring to Drug Enforcement Administration report that substance was crack rather than powder cocaine).

were incorrect, nor has he even requested an evidentiary hearing. Thus, Sanders has not carried his burden of proving that failure to procure expert testimony likely affected his decision to plead guilty. *See Belyeu v. Scott*, 67 F.3d 535, 540 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1438 (1996).

## B.

Sanders alleges that his attorney testified against him at a hearing on his motion to withdraw his plea, depriving him of his rights to effective assistance of counsel and effective cross-examination of the witnesses against him. Sanders filed a motion to withdraw his plea prior to sentencing. At the beginning of the sentencing hearing, the district court questioned Sanders and his attorney regarding the motion and permitted the government to examine both.

A defense attorney should withdraw from representation as soon as he realizes that he will be a witness for the prosecution. Failure to do so is a "conspicuous impropriety." *Uptain v. United States*, 692 F.2d 8, 10 (5th Cir. 1982) (quoting *United States v. Crockett*, 506 F.2d 759, 761 (5th Cir.), *cert. denied*, 423 U.S. 824 (1975)).

In order to prevail on a claim of ineffective assistance of

counsel, a defendant must show actual prejudice.[4]  Ordinarily an attorney can represent his client adequately on a motion to withdraw a plea, even though the attorney's own alleged ineffectiveness forms the basis of the motion.  *United States v. Henderson*, 72 F.3d 463, 465-66 (5th Cir. 1995).

On the facts of this case, we do not believe that the attorney's unwise decision to testify against his client caused prejudice.  In seeking to withdraw his plea, a defendant may not rely solely upon his own allegations when they contradict his prior sworn testimony.  *Bachynsky*, 949 F.2d at 728; *Harmason*, 888 F.2d at 1532.  As Sanders presented no corroborating evidence, he failed to carry his burden as a matter of law, regardless of his attorney's testimony.  Additionally, Sanders has not identified any deficient actions or omissions of his attorney stemming from his dual capacity at the plea hearing.  Thus, he has not shown prejudice.

Sanders contends further that the district court denied him the right to effective cross-examination of his attorney. Assuming that such a violation occurred, we find it to be harmless. "[D]enial of the opportunity to cross-examine an adverse witness does not fit within the limited category of constitutional errors that are deemed prejudicial in every case."  *Delaware v. Van*

---

[4] *See Beets v. Scott*, 65 F.3d 1258, 1270 (5th Cir. 1995) (en banc) (stating that when defendant claims counsel was ineffective because of conflict between attorney's duty of loyalty and self-interestSSsuch as the "lawyer's status as a witness"SShe must show actual prejudice), *cert. denied*, 116 S. Ct. 1547 (1996); *Crockett*, 506 F.2d at 761 (finding error was harmless).

*Arsdall*, 475 U.S. 673, 682 (1986).  "The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt." *Id.* at 684.

As explained above, Sanders failed to carry his burden of presenting corroborating evidence.  Thus, even assuming that effective cross-examination would have shown that Sanders's attorney had a faulty memory and a motive to misrepresent, we find that any error was harmless.[5]

In summary, the district court did not commit reversible error in permitting Sanders's attorney to testify regarding Sanders's motion to withdraw his plea.  This is because (1) Sanders stood no chance of succeeding on the motion even if his attorney did not testify, and (2) Sanders has demonstrated no specific prejudice arising from his attorney's dual capacity as witness and lawyer.

C.

Finally, Sanders contends that his appellate counsel was ineffective because he filed an *Anders* brief.[6]  Sanders's attorney

---

[5] *See United States v. Cooks*, 52 F.3d 101, 104 (5th Cir. 1995) (finding error to be harmless because ample other evidence supported the decision); *Texas-Capital Contractors v. Abdnor*, 933 F.2d 261, 270 (5th Cir. 1990) (same).

[6] *See Anders v. California*, 386 U.S. 738, 744 (1967) (holding that appellate counsel may request to withdraw if he finds appeal to be frivolous, but must file brief identifying "anything in the record that might arguably support the appeal").

filed an adequate *Anders* brief explaining that there were no nonfrivolous issues on appeal, and continued to represent Sanders until we determined that the appeal was meritless. Moreover, Sanders has not identified any nonfrivolous issues that his attorney could have pursued on direct appeal. Thus, "[t]he mandatory requirements of *Anders* were complied with in this case, and [defendant] was not denied the assistance of effective appellate counsel." *Moss v. Collins*, 963 F.2d 44, 48 (5th Cir. 1992), *cert. denied*, 506 U.S. 1055 (1993).

AFFIRMED.